UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------

| | : | |
|---|---|---|
| GARRETT HUGHES, | : | CASE NO. 1:18CV01867 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 1, 2, 4] |
| | : | |
| SHERIFF CLIFFORD PINKNEY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Garrett Hughes, an Ohio inmate incarcerated in the Cuyahoga County Jail, brings this civil rights action under 42 U.S.C. § 1983 against Sheriff Clifford Pinkney, Michael O'Malley (head district attorney), Warden Eric Ivory, and Kenneth Mills (regional correctional director).[1] Plaintiff moves this Court for leave to proceed with this case *in forma pauperis*, and those motions are granted.[2]

The Complaint identifies Cuyahoga County Criminal Case Number CR17-620674(A) ("Criminal Case"), and Plaintiff's § 1983 allegations pertain to events regarding that pending case. For the reasons stated below, this action is dismissed.

I. Background

In August 2017, Plaintiff was charged with various crimes in connection with the alleged rape and beating of a victim identified as C.M. *See State of Ohio v. Hughes*, No.

---

[1] Doc. 1.

[2] Doc. 2 and 4.

Case No. 1:18CV01867
Gwin, J.

107697, 2019 WL 1313529, at *1 (Ohio Ct. App. Mar. 21, 2019). According to the public docket of the Criminal Case in the Cuyahoga County Court of Common Pleas, the Criminal Case remains pending.[3] In this action, Plaintiff alleges that he is being wrongfully and unlawfully held in the Cuyahoga County Jail in connection with the Criminal Case. In particular, Plaintiff claims that Sheriff Pinkney kidnapped him and excessive bail was imposed, District Attorney O'Malley illegally prosecuted him, Warden Ivory is violating his human rights at the Cuyahoga County Jail by subjecting him to various abuses, and Director Mills is subjecting him to unsanitary living conditions, all in violation of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiff asks this Court to restore his freedom and liberty, and for $350,000.00 in damages for his alleged illegal detention (loss of income and one year of his life).

## II. Discussion

A. Standard of Review

Although *pro se* pleadings are liberally construed,[4] the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[5] A claim lacks an

---

[3] The Court may take judicial notice of the state court docket in the Criminal Case because it is a public record and Plaintiff refers to it in the Complaint. *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454-55 (N.D. Ohio 2012) (citations omitted).

[4] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[5] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Case No. 1:18CV01867
Gwin, J.

arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless.[6]

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*,[7] and *Ashcroft v. Iqbal*,[8] governs dismissal for failure to state a claim under § 1915(e)(2)(B)(ii).[9] A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint.[10] Fed. R. Civ. P. 8(a)(2) governs basic federal pleading requirements, and requires that the pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief.[11] In reviewing a complaint, the Court must construe the pleading in the light most favorable to the *pro se* plaintiff.[12]

B. Plaintiff's § 1983 Claims are Dismissed

Plaintiff's § 1983 action concerning the pending Criminal Case, and conditions at the Cuyahoga County Jail, is dismissed.

First, under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts generally abstain from hearing challenges to pending criminal state proceedings absent extraordinary circumstances.[13] Abstention is appropriate where: (1) state proceedings are on-going, (2) state proceedings implicate an important state interest, and (3) the state proceedings afford

---

[6] *Neitzke,* 490 U.S. at 327.

[7] 550 U.S. 544 (2007).

[8] 556 U.S. 662 (2009).

[9] *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

[10] *Twombly,* 550 U.S. at 564.

[11] *Iqbal,* 556 U.S. at 677-78.

[12] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk,* 99 F.3d at 197).

[13] *Younger,* 401 at 44-45.

Case No. 1:18CV01867
Gwin, J.

an adequate opportunity to address federal questions.[14] Here, all three factors supporting abstention are present here. The Criminal Case remains pending and state court criminal matters are of paramount state interest.[15] With respect to the third factor, Plaintiff does not allege that he has attempted to present his federal claims in the Criminal Case or related proceedings and, in the absence of "unambiguous authority to the contrary," the Court may assume that state court procedures will afford Plaintiff an adequate opportunity to do so.[16] All three factors being present, the Court must abstain from interfering in the pending state court criminal proceedings.[17]

Second, to the extent that Plaintiff claims Constitutional violations with respect to conditions at the Cuyahoga County Jail, he fails to state a plausible claim upon which relief can be granted. Plaintiff makes the conclusory assertions that he is subject to verbal and physical abuse and unsanitary conditions at the Cuyahoga County Jail but offers no factual allegations in support of that conclusion necessary to state a plausible claim for relief. Nor does Plaintiff allege specific conduct on the part of Defendants that allegedly violated his Constitutional rights with respect to conditions at the Cuyahoga County Jail.[18] While the

---

[14] *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

[15] *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 614 (1975) ("The line of decisions culminating in *Younger v. Harris* reflects this Court's longstanding recognition that equitable interference by federal courts with pending state prosecutions is incompatible in our federal system with the paramount role of the States in the definition of crimes and the enforcement of criminal laws.") (citation omitted).

[16] *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").

[17] *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("Because each of the three prongs of *Younger* abstention were met, the district court properly refrained from exercising its jurisdiction over the case.") (citation omitted).

[18] *See Frazier v. Mich.*, 51 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims where the "complaint contained no specific facts in support of his conclusory allegations that the defendants

Case No. 1:18CV01867
Gwin, J.

pleading standard to state a plausible claim for relief does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[19] Plaintiff fails to state a plausible claim for relief regarding conditions at the Cuyahoga County Jail.

### III. Conclusion

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and is closed. Plaintiff's motions to proceed *in forma* pauperis are granted.[20]

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: May 22, 2019         *s/ James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

violated his constitutional and statutory rights ... or allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights") (citations omitted).

[19] *Iqbal*, 556 U.S. at 678 (citation omitted).

[20] Doc. 2 and 4.